IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _gg_ D.C.

05 NOV 18 AM 8: 42

THOMAS H. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| FIDELITY & DEPOSIT COMPANY OF MARYLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 04-2841 Ml/P |
| PEASE CONSTRUCTION, INC., LARRY J. PEASE, and DOLLY M. PEASE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Plaintiff's Motion for Summary Judgment or, in the Alternative, for Partial Summary Judgment, filed on September 16, 2005. Defendants responded in opposition on October 26, 2005. For the following reasons, Plaintiff's motion is DENIED.

I. BACKGROUND AND RELEVANT FACTS

The instant case arises out Defendants' failure to indemnify Plaintiff in accordance with an agreement of indemnity. Plaintiff alleges that it complied with the terms of the agreement and thus is entitled to reimbursement. The material facts of this case are as follows:

On October 21, 1998, Defendant Pease Construction, Inc. ("Contractor") and Defendants Larry J. Pease and Dolly M. Pease

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _11-18-05_

44

("Indemnitors") executed an Agreement of Indemnity ("Agreement") in favor of Plaintiff Fidelity & Deposit Company of Maryland. Under the terms of the Agreement, Defendants were to indemnify Plaintiff for losses or expenses incurred:

> (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor or Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement. . . . [T]he Surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement . . . .

(Compl. Ex. A ¶ SECOND.) In reliance on the Agreement, Plaintiff issued various surety bonds on behalf of Contractor, guaranteeing Contractor's obligations under several construction contracts. Two of those bonds, Payment Bond and Performance Bond number 8040476, each in the sum of $1,527,175.00, named Contractor as principal, Plaintiff as surety, and the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints ("Church") as obligee, in support of Contractor's agreement with Church ("Contract") for the construction of the Lawrenceburg Ward Addition. These bonds guaranteed that Contractor would pay its subcontractors and suppliers and that it would timely and properly perform its work.

The Church declared Contractor in default on or about November 4, 2002, and terminated it in connection with the Contract. Defendants allege that the Church wrongfully

terminated Contractor.  In addition, Defendants contend that, as of October 17, 2002, Plaintiff knew that Contractor claimed that the Church was in material breach.  The Church, Plaintiff, and Contractor entered into a Settlement Agreement and Release in March, 2004.

As a result of the default, performance and payment claims were made against Plaintiff under the Bonds.  Plaintiff has paid, to date, $69,880.44 on account of Payment Bond claims.  In addition, Plaintiff alleges that it has paid $93,916.31 in Performance Bond claims and has set up a reserve for anticipated Payment Bond claims of $20,000.00, making its total loss $183,796.75.  Defendants contend that some of these expenditures under the Performance Bond were not reasonable, necessary, or covered by the bonds.  Despite Plaintiff's requests, Defendants have failed to reimburse Plaintiff for its loss and expense. Plaintiff contends that Defendants' failure to indemnify it for these expenditures constitutes a breach of contract.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Celotex

-3-

<u>Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," <u>Celotex</u>, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate.  <u>Emmons v. McLaughlin</u>, 874 F.2d 351, 353 (6th Cir. 1989).  In considering a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." <u>Kochins v. Linden-Alimak, Inc.</u>, 799 F.2d 1128, 1133 (6th Cir. 1986); <u>see also</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

When confronted with a properly-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); <u>see also</u> <u>Abeita v. TransAmerica Mailings, Inc.</u>, 159 F.3d 246, 250 (6th Cir. 1998).  A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  <u>Id.</u> at 251-52.

## III. ANALYSIS

Plaintiff moves for summary judgment as to its breach of contract claim, or, in the alternative, for partial summary judgment as to the liability of each Defendant. The parties do not dispute the terms or enforceability of the Agreement of Indemnity. Tennessee law[1] is clear that if a surety makes full or partial payment on a bond, he or she may sue the principal for reimbursement of that amount. Marshall v. Hudson, 17 Tenn. 57, *4 (Tenn. 1836); Hall v. Hall, 29 Tenn. 352 (Tenn. 1849). However, Defendants dispute that Plaintiff performed under the terms of the Performance Bond[2] or that it performed in good faith.

In order for a surety to obtain a decree or judgment against the principal, the surety "must allege and prove the amount he paid" on the principal's debt. Henegar v. Brannon, 137 S.W.2d 889, 892 (Tenn. Ct. App. 1939). In addition, the surety is "required to act in good faith" in investigating, defending,

---

[1] Tennessee law applies because the indemnity agreement was executed by indemnitors in Tennessee to be performed in Tennessee. Safeco Ins. Co. of Am. v. Criterion Inv. Corp., 732 F.Supp. 834, 841 (E.D. Tenn. 1989)(citation omitted).

[2] Defendants contend that Plaintiff failed to comply with the terms of the Performance Bond after the Church declared the Contractor in default. It appears to the Court that Plaintiff waived its right to perform the remainder of the contract and determined the amount for which it was liable to the Church in accordance with the bond provisions. (Compl. Ex. B Performance Bond ¶ 4.4.1.)

-5-

settling, and compromising claims against it.  <u>Transamerica Ins.</u>
<u>Co. v. Bloomfield</u>, 401 F.2d 357, 362 (6th Cir. 1968).  Good faith
depends on the facts and circumstances of each case.  <u>Safeco Ins.</u>
<u>Co. of Am.</u>, 732 F.Supp. at 841.  The good faith standard

> requires less of an actor than the standard of
> reasonableness under the circumstances which is central
> to the law of negligence.  <u>See, e.g.</u>, Tennessee Code
> Annotated § 47-1-201(19): "'Good faith' means honesty
> in fact in the conduct or transaction concerned."  One
> other court, considering the meaning of this phrase in
> an indemnity agreement given to a surety company, has
> stated, "[N]either lack of diligence nor negligence is
> the equivalent of bad fath; and improper motive . . .
> is an essential element of bad faith."

<u>Id.</u> (citation omitted).  The liability of the principal for
expenses incurred by the surety "depends upon whether, under all
the facts of the case, it was <u>reasonably necessary</u> for the surety
to so act in its own defense, and whether the surety acted in
<u>good faith</u> toward the principal."  <u>Central Tower Apartments, Inc.</u>
<u>v. Martin</u>, 453 S.W.2d 789, 799 (Tenn. Ct. App. 1969)(emphasis
added).

   Construing the facts in the light most favorable to the non-
moving party, the Court finds that a triable issue of fact
remains as to the amount of Plaintiff's expenditures and whether
Plaintiff paid them in good faith.  Defendants allege that
Plaintiff retained the services of W.G. Yates & Sons Construction
Company ("Yates") in connection with its investigation of
Contractor's work on the project, and that Yates advised

Plaintiff that the project was ninety-five percent complete and estimated a cost of $29,000.00 to repair the deficiencies. (Defs.' Resp. Pl.'s Statement Undisputed Material Facts and Defs.' Statement Additional Undisputed Material Facts ("Defs.' Resp.") Ex. B.)  Defendants also contend that Plaintiff believed that the Church was engaging in "gold plating" and "some duplication and excessive pricing." (Defs.' Resp. Ex. E.)  In addition, Defendants allege that on January 14, 2003, counsel for Contractor advised Plaintiff that Contractor disputed the Church's right to terminate the Contract and that additional work performed as of January 14, 2003, was outside the scope of the Contract. (Defs.' Resp. Ex. K.)  Finally, Defendants contend that as of November 18, 2002, the Church was still in possession of funds owed to Contractor. (Defs.' Resp. ¶ 7, Ex. D.)[3]

Defendants have put forward sufficient evidence to create a genuine issue of material fact as to Plaintiff's good faith payment of expenses under the Performance Bond.  In addition, determinations of whether costs were paid under the terms of the contract or in good faith are generally determined at trial.  See Transamerica Ins. Co., 401 F.2d at 363 (remanding for determination by trial court amount paid on particular claims); Safeco Ins. Co. of Am., 732 F.Supp. at 841 (determining at trial

---

[3] Defendants' response states that the amount retained by the Church was $230,217.06, whereas Exhibit D states an amount of $238,217.06.

-7-

that payments were made in good faith).  "[I]t is necessary in each case for the Court to look to the evidence to determine the question of good faith and reasonable necessity of the action on the part of the surety in creating these expenses which it seeks to recover of the principal." <u>Central Towers Apartments, Inc.</u>, 453 S.W.2d at 799.  While the Agreement of Indemnity provides that evidence of payments "shall be <u>prima facie</u> evidence of the fact and amount of the [Defendants'] liability to the Surety," (Compl. Ex. A ¶ SECOND,) this contract provision alone is not determinative.  Accordingly, Plaintiff's motion for summary judgment or partial summary judgment is DENIED.

## IV. CONCLUSION

For the reasons stated, Plaintiff's Motion for Summary Judgment or, in the Alternative, for Partial Summary Judgment is DENIED.


So ORDERED this  17  day of November, 2005.


JON P. McCALLA
UNITED STATES DISTRICT JUDGE


-8-

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 44 in case 2:04-CV-02841 was distributed by fax, mail, or direct printing on November 18, 2005 to the parties listed.

---

John M. Gillum
MANIER & HEROD
150 4th Avenue North
Ste. 2200
Nashville, TN 37219--249

Brett A. Oeser
MANIER & HEROD
150 4th Avenue North
Ste. 2200
Nashville, TN 37219--249

Adam M. Nahmias
JACKSON SHIELDS YEISER HOLT SPEAKMAN & LUCAS
262 German Oak Dr.
Memphis, TN 38018

Honorable Jon McCalla
US DISTRICT COURT